PER CURIAM.
Rosemarie Spano appeals an interim order entered by the domestic violence division of the circuit court. We conclude that the interim order is not an appealable order and dismiss the appeal. Treating the appeal as a petition for writ of certio-rari, the petition is denied.
Ms. Spano complains that the effect of the temporary injunction which has been issued by the domestic violence division is to suspend her visitation rights with the minor daughter, B.B. She states that she had previously been granted visitation in the custody proceedings between herself and the father, appellee Dennis Bruce. She argues that where a domestic violence proceeding will have the effect of limiting or halting visitation rights established by a preexisting custody agreement, the domestic violence petition should be transferred from the domestic violence division to the family division of the circuit court.[1]
Although not briefed by the parties, it is this court’s understanding that there is an administrative order of the Circuit Court for the Eleventh Judicial Circuit which allows a party to file a motion to transfer a domestic violence petition to the family division. See Administrative Order 03-15 (Fla. 11th Cir.Ct.2003). See generally Florida’s Four Orders of Protection Against Violence: Distinguishing the Difference, 77 Fla. B.J. 31 (Dec.2003).
This court’s ruling is without prejudice to Ms. Spano to file an appropriate motion under the administrative order.
Appeal dismissed; certiorari denied.
COPE, C.J., and FLETCHER, J., concur.

. We note that Ms. Spano’s present argument is inconsistent with her past practice. In October 2001 she filed a petition in the domestic violence division for temporary injunction against the father. As that petition was filed prior to the one now before us, she was the first to invoke the aid of the domestic violence division.